**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RONALD LEE KIDWELL,**

                **Plaintiff,**

      **v.**                                      **CASE NO. 21-3192-SAC**

**SGT. GRAY,**

                **Defendant.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and in forma pauperis. Plaintiff remains obligated to pay the $350.00 filing fee.

**Nature of the Complaint**

Plaintiff alleges the defendant, a sergeant at the jail where plaintiff is confined, violated his rights. The complaint alleges that on January 26, 2021, plaintiff was escorted to the defendant's office and questioned about another lawsuit he filed against a jail employee. On the following day, another prisoner was escorted to the defendant's office where the defendant told him that the plaintiff had mentioned his name in their conversation. Plaintiff contends this was untrue and was intended to provoke an altercation between the two prisoners. However, he states that both prisoners recognized this intent and that no argument or fight resulted. The complaint alleges the defendant took this action in retaliation for plaintiff's use of the grievance procedure and his earlier lawsuits.

The complaint identifies the grounds for relief as: Count 1, Institutional injustices; Count 2, Attempt to provoke racial tensions; and Count 3, Retaliation for grievance procedure. As relief,

plaintiff seeks an apology, asks that defendant tell the truth to the second prisoner, and requests a stop to all retaliation.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action

supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

## Discussion

The court has reviewed the complaint and finds the following deficiencies.

**Plaintiff fails to adequately plead his claims for relief**

As explained in the screening description above, a plaintiff must provide specific allegations of fact and must explain why the

challenged conduct violated his protected rights. Here, plaintiff's claim of institutional injustices alleges broadly that the defendant "uses people's privileges against them to get what he wishes" and that he is able "to place people in ad seg for numerous weeks" (Doc. 1, p. 3). This claim is vague and fails to provide any specific factual allegations to support a claim for relief based upon harm to the plaintiff.

Next, while plaintiff's second claim alleges an attempt to provoke racial tensions between him and the second inmate, it does not explain either how this violated plaintiff's constitutional rights or allege that plaintiff suffered any harm as a result.

Third, plaintiff's claim of retaliation is not sufficiently supported by specific facts. To adequately establish a claim of retaliation, plaintiff must show (1) that he was engaged in a constitutionally protected activity; (2) that the defendant caused him to suffer an injury that would chill a person of ordinary firmness from continuing to pursue that activity; and that the defendant's action was "substantially motivated" by plaintiff's participation in a protected activity. *See, e.g.*, *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). To claim retaliation, an inmate "must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)(emphasis in original). Plaintiff's bare claim that the defendant's conversations with him and another prisoner was motivated by plaintiff's use of the grievance procedure and pursuit of lawsuits is insufficient to state a claim for relief.

For these reasons, the court will direct plaintiff to show cause why this matter should not be dismissed for failure to state a claim

for relief. In the alternative, plaintiff may file an amended complaint that cures the deficiencies noted by supplying specific allegations of fact and an explanation of how his rights were violated. If plaintiff fails to respond, the court will rule on the present record.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **September 27, 2021,** to show cause why this matter should not be dismissed, or, in the alternative, to submit an amended complaint to fully set out his claims for relief.

**IT IS SO ORDERED.**

DATED: This 26th day of August, 2021, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge